**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GOLDEN BEAR INSURANCE COMPANY,    :
                   Plaintiff,    :
                             :
          v.    :    Civil No.: 5:25-cv-05215-JMG
                             :
DOMINIC GERMANO, *et al.*    :
                Defendants.    :

**ORDER**

**AND NOW**, this 16th day of July, 2026, upon consideration of Plaintiff Golden Bear Insurance Company's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) (ECF No. 25), and upon review of the docket reflecting that the Clerk of Court has entered default against Telfair, Inc. for failure to plead or otherwise defend (ECF No. 26), but that no default has been entered against Dominic Germano, **IT IS HEREBY ORDERED** as follows:

    1.      Plaintiff's Motion (ECF No. 25) is **DENIED**.[1]

---

[1] Rule 12(c) permits judgment on the pleadings only "after the pleadings are closed," which requires that all parties have filed responsive pleadings. Here, although Dominic Germano filed a responsive pleading, Telfair, Inc. ("Telfair") has not, and the Clerk of Court entered default against Telfair for failure to plead or otherwise respond on March 31, 2026. *See* ECF No. 26. Because Telfair is in default, the pleadings are not closed, and Rule 12(c) relief is unavailable.

The procedural posture is further complicated by the fact that Dominic Germano initially attempted to represent Telfair, which the Court prohibited, as a corporation may only appear through licensed counsel. Once Dominic Germano's filing was rejected on behalf of Telfair, Telfair remained unrepresented and failed to respond, resulting in the entry of default. That default status prevents Telfair from participating in the litigation unless and until the default is set aside, and it likewise prevents the pleadings from being deemed "closed" for purposes of Rule 12(c). Accordingly, the Motion must be DENIED. To the extent Plaintiff seeks relief against Telfair, the proper procedural mechanism is a request for default judgment under Rule 55.

2.    As to Telfair, Inc., which is in default, the Court construes Plaintiff's filing as a request for default judgment and **GRANTS IN PART** that request.[2]

3.    The Unauthorized Publication Exclusion in Plaintiff's Policies applies to all claims asserted against Telfair, Inc. d/b/a/ The Main Gate in connection with the lawsuit captioned *Janet Guzman, et. al. v. Telfair, Inc. d/b/a Main Gate Nightclub and Dominic Germano*, Case No. 5:25-cv-02290 pending in the United States District Court for the Eastern District of Pennsylvania.

4.    Plaintiff has no duty to defend or indemnify Telfair, Inc. in connection with the action captioned *Janet Guzman, et. al. v. Telfair, Inc. d/b/a Main Gate Nightclub and Dominic Germano*, Case No. 5:25-cv-02290 pending in the United States District Court for the Eastern District of Pennsylvania and has no further obligation or duty to Telfair, Inc. with respect to the claims asserted in that action.

5.    Before the Court may determine whether default declaratory judgment is appropriate as to Dominic Germano, Defendant shall, no later than **July 28, 2026**, either (a) file a response to Plaintiff's request for declaratory relief, including any argument that the Policies' Unauthorized Publication Exclusion does not apply to him or that factual issues preclude the entry

---

[2] The Clerk of Court has entered default against Telfair for failure to plead or otherwise defend, and Telfair has not appeared through licensed counsel or moved to set aside that default. In this posture, the well-pleaded factual allegations of the Complaint are deemed admitted, and the Court must determine whether those admitted facts establish a right to the declaratory relief sought. Here, the underlying action alleges that, over a period of years, Telfair misappropriated, altered, and published the images of professional models in advertising for Telfair. Those allegations fall squarely within the Policies' Unauthorized Publication Exclusion (the "Exclusion"), which bars coverage for claims arising out of the publication, dissemination, or use of material without consent.

The Exclusion unambiguously refers to each theory asserted in the underlying Complaint, all of which arise from the unauthorized use and publication of images in advertising. Because the exclusion eliminates any potential for coverage, Plaintiff owes no duty to defend or indemnify Telfair as a matter of law. With no competing factual record or no alternative basis for coverage, the admitted allegations establish Plaintiff's entitlement to the declaration it seeks.

of judgment at this stage; or (b) assert coverage defenses or raise legal objections to the extent permitted under the Federal Rules.[3]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[3] Nothing in Telfair's default limits Dominic Germano's ability to litigate the merits of the coverage dispute. If Dominic Germano elects not to file any response, the Court will resolve Plaintiff's request for declaratory relief without the benefit of his input and on the existing record.